UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-88 |
| V. | ) | |
| | ) | (PHILLIPS/SHIRLEY) |
| ANTHONY GULLEY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on April 9, 2009, for a motion hearing on the defendant's Motion to Continue Motion Hearing and Trial Date [Doc. 42], filed on April 6, 2009. Assistant United States Attorney David C. Jennings appeared on behalf of the government. Attorney Randall E. Reagan appeared on behalf of the defendant, who was also present.

In his motion, the defendant asks the Court to continue the April 21, 2009 trial date. He asserts that he is engaged in plea negotiations with the government but that defense counsel needs time to investigate whether certain sentencing guidelines apply and his criminal history points. Defense counsel needs additional time to investigate these issues so that he can adequately advise the defendant regarding the consequences of the proposed plea agreement.

At the hearing, defense counsel confirmed that the parties were still engaged in plea negotiations. He noted that he was meeting with the probation officer that afternoon to resolve some of the sentencing issues. He asked that the motion hearing on his pending pretrial motions be continued to April 21, 2009. He believed that the question of whether the defendant would enter

into a plea agreement would be resolved by that time. The defendant stated that he wanted the continuance requested by his attorney and that he understood he would remain in custody through the new trial date. The government had no objection to continuing the motion hearing or the trial date.

The Court finds the defendant's motion for a continuance to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The defendant seeks additional time for his attorney to investigate certain sentencing issues that are relevant to his decision of whether to enter into a plea agreement. The parties expect to have the plea decision resolved in less than two weeks. If the defendant ultimately decides to proceed to trial, the Court will need to hold an evidentiary hearing on his pending suppression motion [Doc. 36] and to hear arguments on his other pending motions [Docs. 28, 29, 30, 31, 32, 34, 35, and 37]. 18 U.S.C. § 3161(h)(1)(F). Once the Court has conducted a hearing on these motions, it will need time, not to exceed thirty days, to prepare a Report and Recommendation on the suppression motion and to rule on the other motions. 18 U.S.C. § 3161(h)(1)(J). The parties will then need time to pursue any objections to the District Court, which in turn will need time to rule upon the objections and the suppression motion. 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of the rulings on the pretrial motions. All of this could not take place before the April 21, 2009 trial date or in less than three months. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial despite his due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **July 22, 2009**.

The Court finds, and the parties agree, that all the time between the **April 9, 2009** hearing date and the new trial date of **July 22, 2009**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F), -(J), and -(8)(A)-(B). Regarding further scheduling, the parties shall appear before the undersigned for an evidentiary and motion hearing on the pending pretrial motions on **April 21, 2009, at 9:30 a.m.**

Accordingly, it is **ORDERED**:

(1) The defendant's Motion to Continue Motion Hearing and Trial Date [**Doc. 42**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 22, 2009**, at 9:00 a.m., before the Honorable Thomas W. Phillips, United States District Court Judge;

(3) All time between the **April 9, 2009** hearing and the new trial date of **July 22, 2009**, is fully excludable time for speedy trial purposes as set forth above; and

(4) The parties are to appear for a suppression and motion hearing on **April 21, 2009, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3